HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAUL A. MITCHELL,

    Plaintiff,

  v.

ELIZABETH O. MITCHELL, et al.,

    Defendants.

CASE NO. C15-1259RAJ

ORDER

## I.   INTRODUCTION

This matter comes before the Court on Plaintiff Paul A. Mitchell's ("Plaintiff") motion for the Court to issue and serve process. *See* Dkt. # 5. Plaintiff requests that this Court serve Defendants Elizabeth O. Mitchell ("Ms. Mitchell")[1], who appears to be his ex-wife, Tracy Rumans and Claire Nutter, attorneys for the El Paso County Child Support Services agency, and Kennya Carmichael and E.B. Borden Parker, employees of the Wayne County Child Support Enforcement agency (Defendants Rumans, Nutter, Carmichael, and Parker collectively referred to as the "State Agency Defendants"). *See* Compl. ¶¶ 5-9. The Court will **DENY** Plaintiff's Motion and **DISMISS** this Action.

## II.   LEGAL STANDARD

Where a plaintiff proceeds *in forma pauperis*, the Court is ordinarily directed to issue and serve process. 28 U.S.C. § 1915(d). However, the Court is also instructed to "dismiss the case" if it determines that the plaintiff's complaint either "fails to state a

---

[1] In adopting this nomenclature, the Court means no disrespect to Defendant Mitchell.

ORDER – 1

1    claim on which relief may be granted" or "seeks monetary relief against a defendant who
2    is immune from such relief."  28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d
3    1122, 1129 (9th Cir. 2001) ("[S]ection 1915(e) applies to all in forma pauperis
4    complaints, not just those filed by prisoners."); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir.
5    2001) (noting that 28 U.S.C. § 1915(e)(2)(B) applies to all in forma pauperis plaintiffs).

### III.  BACKGROUND

As best as this Court can tell, Plaintiff files this action arising out of a child and spousal support decree and various efforts to enforce the decree.  Sometime in September or October of 2007, Judge Simmons, of the District Court for El Paso County, Colorado issued a Final Order in a divorce matter entitled *Elizabeth O. Mitchell v. Paul A. Mitchell*, Case No. 06 DR 0238 (the "Support Order").[2]  *See* Compl. ¶ 10.  Plaintiff was ordered by Judge Simmons to pay child support in the amount of $2,736.12 per month and spousal support in the amount of $7,500 per month based on a total income of $20,000.  *Id.* ¶¶ 10, 15.  Plaintiff alleges that El Paso County Child Support Enforcement[3] ("EPCCSE") has continued to enforce the October 2007 Order.  *Id.* ¶ 11.

By September 2008, Plaintiff had moved to Florida, where Ms. Mitchell and the EPCCSE continued to seek enforcement of the Support Order.  *Id.* ¶ 12.  In August 2010, Plaintiff moved to North Carolina, where his employer, Johnston Community College ("JCC") received a notice to withhold and garnish his earnings pursuant to the Support Order.  *Id.* ¶ 13.  This ultimately led to JCC withholding 50% of Plaintiff's net earnings, though Plaintiff contested the garnishment.  *Id.*

Around July 2011, EPCCSE sought to garnish Plaintiff's wages from his other employer, Wayne Community College ("WCC").  *Id.* ¶ 16.  WCC began garnishing

---

[2] Plaintiff purports to attach and incorporate the Order to the Complaint, but this Court could not locate any such Order.

[3] In truth, the Court could not identify any such agency – the closest Colorado state agency appears to be the El Paso County Child Support Services or the Colorado Division of Child Support Services.  In any event, the Court will adopt Plaintiff's nomenclature for purposes of addressing his Motion.

ORDER – 2

Plaintiff's wages in August 2012, though it discontinued it after Plaintiff complained about Ms. Mitchell and the EPCCSE's failure to register the Support Order in North Carolina. *Id.* Ms. Mitchell and the EPCCSE's then sought to register the foreign Support Order in North Carolina, which was denied. *Id.* ¶ 17.

Subsequently, in December 2013, the Wayne County Child Support Enforcement ("WCCSE") agency initiated proceedings to register the Support Order.[4] *Id.* ¶ 18. Beginning in January 2014, WCCSE has issued income withholding orders apparently based on the Support Order. Apparently in June 2014, WCCSE began issuing monthly statements that Plaintiff's support obligations were $10,236.12 a month in arrears, totaling $957,238.58 as of last count. *Id.* ¶ 19. Finally, EPCCSE has continued to pursue Plaintiff, apparently, by seeking to garnish Plaintiff's tax refunds, reporting Plaintiff's child support information to credit reporting agencies, and by filing motions in state court. *Id.* ¶¶ 21-23.

As a result, Plaintiff brings claims under 42 U.S.C. § 1983 for deprivation property without due process, conspiracy to deprive Plaintiff the equal protection of the laws, and 42 U.S.C. § 1985(3) for conspiracy to deprive Plaintiff the equal protection of the laws. *See id.* ¶¶ 24-44.

### IV.    ANALYSIS

Plaintiff fails to state a claim against the Defendants for two reasons: (1) this Court lacks personal jurisdiction over the State Agency Defendants, and (2) the *Younger* abstention doctrine prohibits this Court from reviewing Plaintiff's claims against all Defendants, including against Ms. Mitchell.

a. <u>This Court Lacks Personal Jurisdiction Over the State Agency Defendants</u>

---

[4] Apparently, Plaintiff filed EEOC charges for racial discrimination against WCC in November 2013. It is unclear how any of these claims relates to the instant matter.

ORDER – 3

"It is well established that the Fourteenth Amendment's Due Process Clause limits the power of a state's courts to exercise jurisdiction over defendants who do not consent to jurisdiction." *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2014) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2850 (2011)). Although the State Agency Defendants have not yet been served, and have not had the opportunity to consent to personal jurisdiction, this Court doubts that they would. The burden would fall upon Plaintiff to establish this Court's personal jurisdiction over those Defendants. *See Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004) (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)).

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over [defendants]." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (quoting *Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014)); *see also Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002) (explaining that where no federal statute governs personal jurisdiction, courts typically start with the forum state's long-arm statute). "Washington's long-arm statute extends the court's personal jurisdiction to the broadest reach that the United States Constitution permits." *Gen Ads, LLC v. Breitbart*, 435 F. Supp. 2d 1116, 1121 (W.D. Wash. 2006) (citing *Shute v. Carnival Cruise Lines*, 783 P.2d 78, 82 (Wash. 1989)). In order to exercise personal jurisdiction over a defendant, "due process requires that the defendant 'have certain minimum contacts' with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Ranza*, 793 F.3d at 1068 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

There are two categories of personal jurisdiction: specific jurisdiction and general jurisdiction. *See Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008). "[S]pecific jurisdiction is tethered to a relationship between the forum and the claim," whereas general jurisdiction is not. *Read v. Moe*, 899 F. Supp. 2d 1024, 1029 (W.D. Wash. 2012) (quoting *Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 460 (9th Cir.

ORDER – 4

2007)). "For general jurisdiction to exist over a nonresident defendant [], the defendant must engage in 'continuous and systematic general business contacts,' [] that 'approximate physical presence' in the forum state." *Schwarzenegger*, 374 F.3d at 801 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984) & *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000)) (internal citations omitted). "If a defendant is not subject to general jurisdiction, it may be subject to specific jurisdiction if the action upon which it is sued arises from its contacts within the forum state." *Amazon.com, Inc. v. Nat'l Ass'n of College Stores, Inc.*, 826 F. Supp. 2d 1242, 1252 (W.D. Wash. 2011) (citing *Bancroft*, 223 F.3d at 1086).

The allegations here do not come close to establishing the "continuous and systematic" contacts necessary to establish general jurisdiction. As the Supreme Court has explained, "[f]or an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Daimler AG*, 134 S. Ct. at 760 (quoting *Goodyear*, 131 S. Ct. at 2853-54). Plaintiff has not alleged any connection between the State Agency Defendants and the state of Washington.

Moreover, it seems eminently unlikely that Plaintiff ever could allege such facts connecting the State Agency Defendants to Washington in a manner sufficient to permit the Court to exercise general jurisdiction over those individuals or those agencies. The State Agency Defendants are the officials of other states apparently acting in their respective capacities to enforce the Support Order (whether validly or not). *See* Compl. ¶¶ 6-9, 12-13, 16-23. None of those Defendants resides in this state, nor has any of the enforcement activity taken place in this state. The Court thus finds general jurisdiction does not exist over the State Agency Defendants.

The Ninth Circuit ordinarily applies a three part test to determine whether specific jurisdiction exists. *See Schwarzenegger*, 374 F.3d at 801-02 (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)). Under this test, "[s]pecific jurisdiction exists if (1) the defendant has performed some act or consummated some transaction within the forum or

ORDER – 5

otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable." *Gen Ads*, 435 F. Supp. 2d at 1121 (citing *Bancroft*, 223 F.3d at 1086).

How the first prong is analyzed often depends on the nature of the suit: "purposeful availment" is generally applied to contract suits while "purposeful direction" is applied to suits sounding in tort. *See Schwarzenegger*, 374 F.3d at 802 (citing *Doe v. Unocal Corp.*, 248 F.3d 915, 924 (9th Cir. 2001) & *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)). Regardless of which analysis is applied, the Complaint does not come close (and the Court does not believe any facts could be alleged) to showing that the State Agency Defendants satisfy the first prong.

Under the "purposeful direction" analysis, courts in the Ninth Circuit apply the "effects" test of *Calder v. Jones*, 465 U.S. 783 (1984). *See Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006). Under this test, "the defendant allegedly [must] have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.* (quoting *Schwarzenegger*, 374 F.3d at 803). None of the acts Plaintiff alleges was "expressly aimed" at Washington. Rather, the Complaint makes clear that all acts were "aimed" at Colorado, Florida, and North Carolina. *See* Compl. ¶ 27 (table outlining the State Agency Defendants' acts, listing only Colorado, United States, Florida, and North Carolina). Moreover, it seems unlikely that any harm could be suffered in Washington, as Plaintiff does not allege that he ever resided in Washington or owned property subject to attachment in Washington.

"To have purposefully availed itself of the privilege of doing business in the forum, a defendant must have 'performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state.'" *Boschetto*, 539 F.3d at 1016 (quoting *Sher*, 911 F.2d at 1362). Plaintiff does not allege any such conduct here.

ORDER – 6

Plaintiff alleges acts taking place only in Colorado, Florida, and North Carolina – and none of those acts are alleged to have affected or promoted any transaction within Washington. *See* Compl. ¶¶ 12-13, 16-23. Nor is it particularly plausible that they could do such, given that Plaintiff alleges only withholding of income (*see id.* ¶¶ 12-18), garnishment of his federal tax refund for income from employment in North Carolina (*see id.* ¶¶ 19, 21), and apparently notification to various credit bureaus regarding his failure to satisfy his child support obligations (*see id.* ¶ 22). All of those acts affect Plaintiff personally – and he does not allege that he derives any income or even intends to derive income in Washington. Thus, the State Agency Defendants have not purposefully availed themselves of the Washington forum.

Given that this Court cannot exercise personal jurisdiction over the State Agency Defendants, the Court finds those defendants must be dismissed. *See Boschetto*, 539 F.3d at 1016 ("if the plaintiff fails at the first step, the jurisdictional inquiry ends and the case must be dismissed").

    b. The *Younger* Abstention Doctrine Bars Plaintiff's Claims Against All Defendants

The Court also holds that Plaintiff's claims against all Defendants, including those against Ms. Mitchell, fail because they are barred by the *Younger* abstention doctrine.

Under the doctrine explained by *Younger v. Harris*, 401 U.S. 37 (1971), "federal courts must abstain from hearing cases that would interfere with pending state court proceedings that implicate important state interests." *ScripsAmerica, Inc. v. Ironridge Global LLC*, 56 F. Supp. 3d 1121, 1142 (C.D. Cal. 2014) (citing *Potrero Hills Landfill, Inc. v. Cty. of Solano*, 657 F.3d 876, 881 (9th Cir. 2011)). Pursuant to this doctrine, the Court must abstain from exercising jurisdiction if four requirements are met: "(1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that

ORDER – 7

*Younger* disapproves." *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (citing *Gilbertson v. Albright*, 381 F.3d 965, 970-75 (9th Cir. 2004)).

In this case, it is clear that several state initiated proceedings are ongoing. First, Plaintiff claims that the Support Order was issued in Colorado state court, where enforcement proceedings apparently are still ongoing, as the EPCCSE appears intent on enforcing the order. *See* Compl. ¶¶ 10-11; *see also In re Marriage of Davis*, 252 P.3d 530, 533-34 (Colo. Ct. App. 2011) (holding that child support is a continuing obligation that may continually be modified in Colorado). In addition to proceedings in Colorado, Plaintiff also alleges ongoing state court proceedings in North Carolina. *See* Compl. ¶¶ 17, 20, 23, 25, 29-30, 32.

Second, the proceedings here implicate important state interests – namely that the various states involved have an interest in ordering and enforcing child support obligations. *See Delaney v. Dist. of Columbia*, 659 F. Supp. 2d 185, 194 (D.D.C. 2009) (citing *Dixon v. Kuhn*, 257 Fed. App'x 553, 555 (3d Cir. 2007)); *cf. Sobel v. Prudenti*, 25 F. Supp. 3d 340, 355 (E.D.N.Y. 2014) ("it hardly bears repeating that state courts have a paramount if not exclusive interest in child custody cases.").

Third, numerous courts have found that a party in a child support proceeding can raise federal constitutional claims. *See id.*; *see also Agustin v. Cty. of Alameda*, 234 Fed. App'x 521, 522 (9th Cir. 2007) (affirming district court's dismissal of suit challenging County of Alameda's state court action to collect child support payments under *Younger* abstention principles). To the extent Plaintiff wishes to, he may raises the issues he raises in the instant suit with the Colorado and North Carolina courts.

Finally, it is clear that entertaining Plaintiff's claims would require this Court to intervene in ongoing state court proceedings in a manner in which *Younger* disapproves. Plaintiff requests that this Court enter an injunction barring any of the Defendants from attempting to enforce the Support Order – or any subsequent child support orders. *See*

ORDER – 8

Compl. ¶ 45 (prayer for relief).  Such an order would be tantamount to interfering with the state court proceedings and violate the principles of equity, comity, and federalism *Younger* espouses.  *See San Jose Silicon Valley*, 546 F.3d at 1091 (citing *Steffel v. Thompson*, 415 U.S. 452, 460-73 (1974)).

Finally, an exception to *Younger* abstention exists in certain situations, such as where a party can show "bad faith, harassment, or some other extraordinary circumstance."  *Id.* (quoting *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)).  Perhaps Plaintiff's Complaint touches upon some of these situations, but there seems little reason to believe that a proceeding in this Court is the correct manner of addressing those issues.  For example, Plaintiff suggests that he has already had some success in opposing the enforcement of the Support Order in North Carolina court.  *See* Compl. ¶ 20.  But more to the point, Plaintiff's assertions fall short of establishing the bad faith necessary to invoke the exception.  Clearly, the state court proceedings are not alleged to be outright frivolous, as they are based on the Support Order, nor are they sought with no intention to secure a conclusive resolution by a tribunal.  *See N Grp. LLC v. Hawai'i Cty. Liquor Comm'n*, 681 F. Supp. 2d 1209, 1239 (D. Haw. 2009).

## V.   CONCLUSION

The Court **DENIES** Plaintiff's Motion (Dkt. # 5) and **DISMISSES** Plaintiff's suit for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  The Clerk to close this action.

DATED this 6th day of November, 2015.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 9